OPINION
{¶ 1} On February 15, 1992, appellant, Emily Giffen, nka Hionides, and appellee, Joseph Giffen, were married. Two children were born as issue of said marriage namely, Joseph Giffen born July 7, 1992 and Sharon Giffen born July 26, 1995. Appellee filed a complaint for divorce on April 6, 2000. A judgment entry and decree of divorce was filed on March 19, 2001. Appellant was designated the residential and custodial parent of the children and appellee was granted supervised visitation every other Saturday.
 {¶ 2} On August 9, 2001, appellee filed a motion for contempt, claiming appellant refused visitation on three occasions. By order filed same date, the trial court set a hearing for September 6, 2001.
 {¶ 3} On August 23, 2001, appellee filed a supplemental motion for contempt regarding appellant's interference with the Tallmadge Visitation Service. By order filed same date, the trial court set a hearing for September 6, 2001.
 {¶ 4} On August 28, 2001, appellee filed a motion for change of custody. By notice of hearing attached to said motion, a hearing was set for October 30, 2001.
 {¶ 5} On September 6, 2001, the date of the scheduled hearing, the trial court filed a judgment entry wherein it found "[f]ailure of service." The trial court rescheduled the hearing to September 19, 2001.
 {¶ 6} On September 19, 2001, the trial court conducted a hearing and entertained "argument of both counsel as to the contempt and the plaintiff's motion for change of custody filed 8-28-1, which is set for hearing on 10-30-1 @ 1pm." See, Judgment Entry filed September 21, 2002. The trial court found "[s]ervice accomplished and the defendant failed to appear." Id. By judgment entry filed September 21, 2001, the trial court granted a change of custody to appellee on an interim basis "pending further order of the court."
 {¶ 7} On September 28, 2001, appellee filed a motion for contempt, claiming appellant did not surrender the children per the September 21, 2001 order. On same date, the trial court set a hearing for October 18, 2001.
 {¶ 8} On October 18, 2001, the trial court filed a judgment entry wherein it found "no service in the record upon the defendant." The trial court rescheduled the hearing to October 30, 2001.
 {¶ 9} On October 24, 2001, appellant filed a motion for relief from the September 19, 2001 judgment, claiming failure of service regarding appellee's motions and the hearing notices. By judgment entry filed October 25, 2001, the trial court set a hearing for October 30, 2001.
 {¶ 10} On October 30, 2001, the trial court held a hearing on all issues. By judgment entry filed same date, the trial court denied appellant's motion for relief from judgment, and granted appellee's August 9 and 23, 2001 and September 28, 2001 motions for contempt. The trial court sentenced appellant to an aggregate ninety days in jail and an indeterminate term "pending the safe transfer of the children to" appellee. Appellant could purge the aggregate sentence by substantially complying with the trial court's orders.
 {¶ 11} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 12} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING APPELLANT IN CONTEMPT FOR FAILURE TO RELINQUISH CUSTODY OF THE CHILDREN PURSUANT TO A JUDGMENT ENTRY WHICH WAS VOID AB INITIO FOR FAILING TO COMPLY WITH R.C. 3109.04(E)."
II
 {¶ 13} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING APPELLANT IN CONTEMPT FOR FAILURE TO RELINQUISH CUSTODY OF CHILDREN AS THE COURT DID NOT HAVE IN PERSONAM JURISDICTION TO ORDER TEMPORARY CUSTODY ON 9/19/01."
III
 {¶ 14} "THE TRIAL COURT ERRED IN IMPOSING AN INDEFINITE TERM OF IMPRISONMENT CONDITIONED UPON TRANSFER OF THE PARTIES' CHILDREN TO APPELLEE AS APPELLANT COULD NOT POSSIBLY COMPLY WITH THE COURT'S ORDER."
IV
 {¶ 15} "THE TRIAL COURT ERRED IN HOLDING APPELLANT IN CONTEMPT FOR FAILURE TO RELINQUISH CUSTODY OF CHILDREN AS APPELLEE FAILED TO PROVE APPELLANT HAD KNOWLEDGE OF THE TRIAL COURT'S 9/19/01 ORDER."
V
 {¶ 16} "THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF INDIRECT CRIMINAL CONTEMPT FOR ALLEGEDLY `DENYING' APPELLEE SUPERVISED VISITATION."
VI
 {¶ 17} "THE TRIAL COURT ERRED IN IMPOSING AN INDEFINITE TERM OF IMPRISONMENT AS THE TRIAL COURT WAS AWARE APPELLANT DID NOT HAVE AN OPPORTUNITY TO PURGE THE FINDING OF CONTEMPT."
VII
 {¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CIV.R. 60(A) MOTION FOR RELIEF FROM THE SEPTEMBER 19, 2001 JUDGMENT ENTRY."
 I, II, III, IV, V, VI, VII {¶ 19} Appellant's seven assignments of error challenge the trial court's finding of contempt, particularly, the finding for appellant's failure to relinquish the children to appellee pursuant to the September 21, 2001 judgment entry. Because of the numerous motions and hearing notices filed herein, we find the issue of failure of service of process regarding the August 28, 2001 motion for change of custody to be the crux of the issues sub judice.
 {¶ 20} Pursuant to Civ.R. 75(J), the continuing jurisdiction of the court is dependent upon proper service pursuant to Civ.R. 4 to 4.6:
 {¶ 21} "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ.R. 26 to 37 shall apply."
 {¶ 22} The praecipe for service on the August 28, 2001 change of custody motion requested certified mail service to appellant's residence in Canada. Pursuant to Civ.R. 4.3(B)(1), appellee attempted proper service.
 {¶ 23} Following the trial court's September 6, 2001 judgment entry wherein the trial court found "[f]ailure of service" regarding appellee's August 9 and 23, 2001 motions, appellee filed a praecipe requesting registered mail service to appellant regarding all his motions to date, including the August 28, 2001 motion for change of custody. The docket is silent regarding service pursuant to this praecipe, however, the docket notes service was complete on the change of custody motion, the actual date of service unclear. See, Docket Notation of September 28, 2001, and Pink Return Receipt, attached to Appellee's August 28, 2001 Motion for Change of Custody.
 {¶ 24} On September 21, 2001, the trial court issued a temporary order granting custody of the children to appellee "pending further order of the court." From the trial court's own findings of fact, it is clear appellant did not appear at the September 19, 2001 hearing, but was represented by counsel. At this time, the record failed to reflect that appellant had been served with the change of custody motion. Appellee had filed a request for change of custody pursuant to R.C. 3109.04. Because the divorce was final on March 19, 2001, the trial court's continuing jurisdiction under Civ.R. 75(J) did not arise until or unless Civ.R. 4 to 4.6 were fulfilled. At the very earliest, the continuing jurisdiction of the trial court arose on September 28, 2001, when service was complete on the change of custody motion. Therefore, the continuing jurisdiction of the trial court on the change of custody issue had not been evoked under Civ.R. 75(J) and the trial court lacked jurisdiction to issue the temporary custody order.
 {¶ 25} Because the trial court did not have jurisdiction to order such a change of custody, the finding of contempt, pursuant to appellant's September 28, 2001 motion, for failure to follow the September 21, 2001 order, was error.
 {¶ 26} Furthermore, the personal jurisdiction to issue the temporary change of custody did not arise until September 28, 2001. Appellant was under no obligation on September 21, 2001 to surrender custody of the children to appellee under an invalid order. See, Rondyv. Rondy (1983), 13 Ohio App.3d 19. Appellant was not in contempt of a trial court order.
 {¶ 27} As for the August 9, 2001 contempt motion regarding appellant's refusal of visitation on three occasions, we find appellant was not served with this motion. Certified mail service issued on August 9, 2001 regarding said motion failed as noted on the trial court's docket entry of August 24, 2001. Service was reissued pursuant to the September 6, 2001 praecipe but as already noted, the docket is silent regarding service pursuant to this praecipe. Because appellant was never properly served with the August 9, 2001 contempt motion, the trial court erred in finding appellant in contempt on said motion.
 {¶ 28} As for the August 23, 2001 contempt motion regarding appellant's interference with the Tallmadge Visitation Service, we find appellant was served with this motion on September 10, 2001. See, Docket Notation of September 18, 2001. Appellee argued appellant "caused the termination of the Tallmadge visitation by making false accusations about the plaintiff." October 30, 2001 T. at 31. Pursuant to a report from Carol Miller of the Family Visitation Mediation Services, Inc. of Tallmadge, Ms. Miller indicated "I do know that given the situation as described above our agency will no longer provide services to this family based on the continuing accusations that have been made by Emily Hionides in regards to Mr. Griffen and our handling of the case." See, Joint Exhibit 1 at 7. Based upon the evidence presented, we find the trial court did not err in finding appellant in contempt pursuant to the August 23, 2001 motion.
 {¶ 29} Assignments of Error I and II are granted. The remaining assignments of error are rendered moot.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby affirmed in part and reversed in part.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
topic: 3 contempt findings; 1 ok, 1 no service; 1 no service on underlying order